UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| AARON JOHNSON, ) | |
| ) | |
| Plantiff, ) | Cause No.: |
| ) | |
| vs. ) | **JURY TRIAL REQUESTED** |
| ) | |
| MERIDIAN MEDICAL TECHNOLOGIES ) | |
| A PFIZER COMPANY ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, Plaintiff Aaron Johnson, by and through his undersigned counsel, and for his Complaint and causes of action against Meridian Medical Technologies, a Pfizer Company, states and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff Aaron Johnson (hereinafter referred to as "Plaintiff") brings this action against Defendant Meridian Medical Technologies, a Pfizer Company (hereinafter referred to as "Defendant") for their violations of Plaintiff's rights under the Constitution and laws of the United States of America.

2. This is an action for unlawful discrimination based on race brought under and pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §1981 and violation of the Missouri Service Letter Statute, pursuant to R.S.Mo. §290.140.

3. On or about April 6, 2016 Plaintiff was deemed to have filed his Charges of Discrimination with both the Missouri Commission on Human Rights (hereinafter referred to as "MCHR") and the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"), complaining of the acts of discrimination based on race as alleged herein.

4. Plaintiff received his Notice of Right to Sue from the EEOC on or about December 15, 2015. See attached Notice of Right to Sue attached hereto, incorporated by reference herein and marked as Exhibit 1.

5. Accordingly, Plaintiff has fully complied with all prerequisites to jurisdiction of this Court under Title VII, 42 U.S.C. §2000 et seq.

6. The discriminatory action of Defendant occurred in the County of St. Louis, State of Missouri.

7. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 for Plaintiff's claims under Title VII, 42 U.S.C. §1981 relative to discrimination based on race, and more specifically this is a federal question of law. Supplemental jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1367(a) for Defendant's violation of the Missouri Service Letter Statute, R.S.Mo. §290.140.

8. Venue is proper in this District pursuant to 28 U.S.C §1391(b)(2) in that Defendant's unlawful employment practices and misconduct were committed in County of St. Louis, State of Missouri.

9. Plaintiff requests a trial by jury on all issues triable to a jury.

## PARTIES

10. Plaintiff Aaron Johnson, was at all times relevant to this action a citizen and resident of the City of St. Louis, State of Missouri, and was continuously employed by Defendant from on or about May of 2014 to October 9, 2015.

11. At all times relevant to this action, Defendant was a private medical care provider for military and civilian defenders doing business in the State of Missouri, with a campus located in St. Louis County, Missouri and is an employer within the meaning of Title VII.

12. All of Defendant's conduct, acts and omissions were performed by its agents, representatives and employees while in the course and scope of their agency employment.

## FACTS COMMON TO ALL COUNTS

13. On or about May of 2014 Plaintiff was employed by Defendant in the position of Filling Team Leader/Supervisor, in the County of St. Louis, Missouri.

14. In February of 2015, Plaintiff was notified by management that his team would be required to work twelve hour shifts and he was not given any indication when he would receive a day off. When he asked his supervisor, Michael Knight how long the twelve hour shifts would last, Mr. Knight responded, "We own Aaron right now."

15. Thereafter, despite issuing discipline in accordance with the Collective Bargaining Agreement and in consultation with Human Resources Specialist, Julie Harpenau, Defendant permitted union personnel to retaliate against Plaintiff and attempt to have him fired. Plaintiff was advised that union members would frequently call the "Compliance Hotline" and make unfounded accusations that were investigated by Mr. Knight. As time progressed, Mr. Knight began to believe the false accusations.

16. Mr. Knight at one point referred to Plaintiff as "A-A-ron" referencing a skit wherein it was portrayed how black people mispronounced names.

17. Thereafter, on September 9, 2015, Plaintiff was contacted by Supervisor, Dennis West and was placed on administrative leave with pay, pending an investigation. Plaintiff was not provided any reason for the action and he was not allowed to provide any defense to the decision to place him on administrative leave.

18. A month later, on October 9, 2015, Plaintiff was informed that he was being terminated because he did not know how to treat colleagues; cussed and talked in a disrespectful tone to supervisors; and used overtime as a way to retaliated against union colleagues.

19. In the course of his employment, Plaintiff consistently performed his job duties at a satisfactory level.

20. In engaging in the aforementioned unlawful practices, Defendant acted in conscious and reckless disregard for Plaintiff's federal civil rights. Such disregard caused Plaintiff loss of past and future income plus benefits.

21. Defendant's acts or inactions were the proximate cause of Plaintiff's damages.

22. Defendant's behavior in fact damaged Plaintiff and Defendant's behavior was willful and wanton and such actions constitute the requisite acts to support and justify punitive damages.

23. Defendant acted with malice or reckless indifference to federal laws, and it made no good faith effort to comply with federal law. Such actions constitute the requisite acts to support and justify punitive damages.

24. As a direct and proximate result of Defendant's actions and inactions alleged herein, Plaintiff has sustained, and is reasonably certain to sustain in the future irreparable harm in numerous respects, including, but not limited to the following:

   a. Pecuniary and non-pecuniary losses, including, but not limited to, past and future lost wages, employment and job benefits, inconvenience;

   b. Loss of prestige among her co-workers and friends;

   c. Damages relative to embarrassment, humiliation, damage to reputation, and emotional distress;

4

    d. Attorney's fees and expenses in pursuing redress for the wrong he has suffered by the actions of the Defendant; and

    e. Permanent damage to his ability to secure employment at a level with similar and higher pay and at a level below what his experience and training should generate.

COUNT I
<u>DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII</u>

25. Plaintiff restates paragraphs 1 through 24 above and incorporates them by reference as if fully restated herein.

26. This count is instituted under 42 U.S.C. §2000e-2 (a)(1) of Title VII.

27. Plaintiff is African-American and at all relevant times was employed by Defendant in St. Louis County, Missouri.

28. Defendant discriminated against Plaintiff on account of his race in violation of the above stated statue by terminating Plaintiff from his position while not terminating similarly situated Caucasian supervisors, Caleb Banal and Shawna Lenz, who had performance issues.

29. The rationales for termination of Plaintiff were pretextual.

30. The above-described actions are discriminatory in nature and specifically designated to discriminate against Plaintiff on account of his race.

31. Plaintiff seeks damages under Title VII of the Civil Rights Act for the Defendant's unlawful employment practices which are related in whole or in part to discrimination based on race against Plaintiff.

WHEREFORE, Plaintiff prays for judgment in Count I in his favor and against the Defendant and requests the following relief:

    a. Declaring all acts in violation of Title VII;

5

b. Defendants be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

c. That Defendants be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

d. That this Court assess punitive damages against the Defendants in such sum as will properly punish said Defendant for its conduct complained here within; and

e. That Plaintiff be awarded the costs of this litigation and her reasonable attorneys' fees.

## COUNT II
## VIOLATION OF MISSOURI SERVICE LETTER STATUTE

32. Plaintiff restates paragraphs 1 through 30 above and incorporates them by reference as if fully restated herein.

33. Plaintiff was employed by Defendant for more than ninety (90) days.

34. Defendant employs more than seven employees in St. Louis County, Missouri.

35. Plaintiff was terminated by Defendant on October 9, 2015.

36. On March 10, 2016, Plaintiff made a request upon Defendant, by certified mail, of the reasons for his termination. Plaintiff's request was in writing and was submitted to Supervisor, Michael Knight with reference to R.S.Mo. §290.140.

37. Defendant has failed to respond to Plaintiff's certified letter.

38. Plaintiff suffered injury and damage as a result of Defendant's failure to reply to his request for service letter, including but not limited to, lost wages and benefits, reduced future earning capacity, mental distress and anguish, emotional distress, and humiliation.

39. Defendant's failure to respond was outrageous, with malice or deliberate indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for judgment in Count II in his favor and against the Defendant and requests the following relief:

a. Declaring all acts in violation of R.S.Mo §290.140;

b. That Defendants be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

d. That this Court assess punitive damages against the Defendant in such sum as will properly punish said Defendant for its conduct complained here within; and

e. That Plaintiff be awarded the costs of this litigation and his reasonable attorneys' fees.

Respectfully submitted,

CLARK LAW OFFICES, LLC


/s/ William J. Clark, IV
William J. Clark
MBE #40134
404 Florence
St. Louis, MO 63119
Ph:  (314) 495-8797
Fax: (866) 970-2437
Email:  williamclark687@gmail.com

Attorney for Plaintiff

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to

7

Jessica Liss, Attorney for Defendant, 7733 Forsyth Boulevard, Suite 600, St. Louis, Missouri 63105 this 13th day of March 2017.

                                                                /s/ William J. Clark, IV
                                                                William J. Clark
                                                                MBE# 40134